IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SHIRLEY D. BURWELL-RAINEY,

Plaintiff,

v.                                                    Civil Action No. 3:12-cv-89-JAG

MICHAEL J. ASTRUE,
*Commissioner of Social Security*,

Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the plaintiff Shirley Burwell-Rainey's Objections to the Magistrate Judge's Report and Recommendation ("R&R"). (Dk. Nos. 21–22.) In 2009, Burwell-Rainey applied for Supplemental Security Income ("SSI") under the Social Security Act ("Act"). The Social Security Administration ("SSA") denied her application, and she appealed, first, to an administrative law judge ("ALJ") and subsequently to the SSA Appeals Council. Both entities affirmed the denial of benefits.

Burwell-Rainey then appealed to this Court. Both she and the defendant, the Social Security Office of Disability Adjudication and Review, filed cross-motions for summary judgment. The Court referred the case to a Magistrate Judge to prepare a R&R. The Magistrate Judge, through his R&R, recommends that the Court deny Burwell-Rainey's motion for summary judgment (Dk. No. 8), grant the defendant's motion for summary judgment (Dk. No. 14), and affirm the final decision of the Commissioner.

Burwell-Rainey objects to the R&R on three grounds: (1) that the Magistrate Judge failed to discuss Burwell-Rainey's back pain and arthritis in his R&R, (2) that the administrative record

does not accurately reflect Burwell-Rainey's work history, and (3) that the ALJ denied Burwell-Rainey's claim because her counsel failed to submit records to the ALJ. (Dk. No. 13.)

For the reasons stated below, the Court OVERRULES Burwell-Rainey's Objections and ADOPTS the Magistrate Judge's R&R. In brief, this Court finds that (1) the Magistrate Judge's R&R discussed Burwell-Rainey's back pain and arthritis, (2) that any errors in the record regarding Burwell-Rainey's work history have no bearing on the ALJ's decision, and (3) that Burwell-Rainey's counsel did in fact submit additional medical records to the ALJ.

## I. STANDARD OF REVIEW

This Court reviews *de novo* any part of the Magistrate Judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Because Burwell-Rainey proceeded *pro se*, the Court endeavors to liberally construe the plaintiff's arguments. *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed. . . .") (citations and internal quotation marks omitted).

This Court, when reviewing a denial of benefits by the Commissioner pursuant to 42 U.S.C. § 405(g), must accept the Commissioner's findings of fact if they are supported by substantial evidence and the Commissioner reached the finding by applying the correct legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006); *Craig v. Charter*, 76 F.3d 585, 589 (4th Cir. 1996) (clarifying that the question is not whether the claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. *Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir.

2011). Substantial evidence consists of "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). In determining whether substantial evidence exists, the Court must consider the record as a whole. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). The Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its own judgment for that of the ALJ. *Mastro*, 270 F.3d at 176. If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* at 179. If the Court does not find that the Commissioner's decision is supported by substantial evidence in the record, or if the ALJ made an error of law, the Court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. BACKGROUND[1]

As noted above, the SSA denied Burwell-Rainey's initial claim. Both an ALJ and the Appeals Council confirmed the denial of benefits. (R. at 21 -29.)

The SSA defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An ALJ undertakes a five-step inquiry in order to make a determination of eligibility for Social Security benefits. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002); *Johnson v. Barnhart*, 434 F.3d 650, 653 n.1 (4th Cir. 2005). In the first step of the analysis, the claimant must demonstrate that, at the time of her application, she was not engaged in a substantial gainful activity. 20 C.F.R. § 404.1520(b). At the second step, the claimant must demonstrate that she has a "severe impairment . . . or combination of impairments

---

[1] The Magistrate's R&R reviews the facts of this case in great detail. Thus, this opinion discusses only those facts relevant to the disposition of Burwell-Rainey's objections.

which significantly limit[] [her] physical or mental ability to do basic work activities." § 404.1520(c). At the third step, the ALJ determines whether a) the claimant's impairment matches or equals one of the impairments listed in the Act and b) the impairment lasts, or is expected to last, for at least twelve months. If so, the claimant suffers a qualifying impairment and the analysis ends. § 404.1520(d); *see* 20 C.F.R. §404 subpart P app. 1 (listing impairments). In the event that the impairment is not listed in the Act, then the ALJ must compare the claimant's residual functioning capacity ("RFC") with the "physical and mental demands of [the claimant's] past relevant work." § 404.1520(f). If an ALJ determines that the claimant can still perform her past work, then the ALJ will deny benefits. If the ALJ determines that the claimant cannot perform her past relevant work, then the burden shifts to the Commissioner at the fifth step to show that the claimant is capable of performing other work that is available in significant numbers in the national economy. § 404.1520(g)(1).

In this case, the ALJ correctly followed the five step sequential analysis. The ALJ found at step one that the plaintiff had not engaged in substantial gainful activity since January 2, 2009. (R. at 23.) At step two, the ALJ determined that the plaintiff was severely impaired from fibromyalgia, rheumatoid arthritis, scoliosis, degenerative changes at the L4-5 and L5-S1 level, spondylolisthesis of the lumbosacral spine, and obesity. (R. at 23–24.) At step three, the ALJ found that the plaintiff's impairments and combination of impairments did not meet those listed in 20 C.F.R. pt. 404, subpt. P, app.1. (R. at 24.) Before moving to step four, the ALJ found that the plaintiff had an RFC to perform a full range of sedentary work. (R. at 24.) Then the ALJ determined at the fourth step that the plaintiff had no past relevant work. (R. at 28.) Taking into account the plaintiff's young age (forty-six), marginal education, ability to communicate in English, and RFC to perform sedentary work, the ALJ determined at the fifth step that there were

jobs in significant numbers in the national economy that the plaintiff could perform. (R. at 28–29.) Thus, the ALJ found that Burwell-Rainey was not under a disability and not entitled to benefits. (R. at 21–29.)

The ALJ held the record open for one week after the plaintiff's hearing so that the plaintiff's counsel could submit additional evidence. (R. at 21.) The ALJ received additional evidence from the plaintiff's counsel and admitted it into the record as Exhibits 12F and 13F. (R. at 21.)

The plaintiff requested that the Appeals Council review the ALJ's decision. The Commissioner of the SSA, through the Appeals Council, denied Burwell-Rainey's request for review. (R. at 1–6.)

## III. ANALYSIS

Burwell-Rainey objects to the R&R on three grounds: (1) that the Magistrate Judge in his R&R failed to discuss Burwell-Rainey's back pain and arthritis, (2) that the administrative record does not accurately reflect Burwell-Rainey's work history, and (3) that the ALJ denied Burwell-Rainey's claim because her counsel failed to submit records to the ALJ. (Dk. No. 13.) These objections are addressed in turn below.

### A. *The Magistrate Judge Did Discuss Burwell-Rainey's Back Pain and Arthritis*

In her first objection, Burwell-Rainey asserts that the Magistrate Judge erred by failing to discuss the slipped disc in her back and her arthritis. (Dk. No. 21.) Despite Burwell-Rainey's objection, the Magistrate Judge *did* discuss her back impairment and arthritis on multiple occasions in the R&R. (*See* R&R at 5, 9, 13, 14 for references to her arthritis and R&R at 3–5, 7, 13–15 for references to her back pain.) Thus, the Magistrate Judge did not err because he did discuss both Burwell-Rainey's back impairment and arthritis.

5

### B. Any Inaccuracies in the Record Regarding Burwell-Rainey's Work History are Irrelevant

Second, Burwell-Rainey objects to the R&R because she now states that the administrative record does not accurately reflect her work history. In her objection, Burwell-Rainey does not cite to what part of the record she believes incorrectly reflects her work history. Nonetheless, this Court will construe Burwell-Rainey's objection to mean that all references to her work history incorrectly either state the order of her work history or attribute additional jobs to Burwell-Rainey that she did not hold.

The precise order and exact description of the plaintiff's work history has no bearing on the ALJ's decision and thus does not result in any error on the part of the Magistrate Judge or the ALJ. The ALJ in his decision determined that "none of the jobs performed by the claimant in the last fifteen years produced earnings reflective of substantial gainful activity. Therefore, pursuant to Social Security ruling 82-62, she does not have any past relevant work experience." (R. at 28.) Thus, the work history had no bearing on the ALJ's determination and thus does not result in any error on the part of the Magistrate Judge or the R&R.

### C. Burwell-Rainey's Counsel Did Submit the Additional Records to the ALJ

Third, Burwell-Rainey objects to the R&R because she alleges that her counsel failed to submit additional evidence to the ALJ.[2] In Burwell-Rainey's objection she states that her lawyer did not submit "the C.D. and that is why I was denied." (Dk. No. 22.) As the Magistrate Judge

---

[2] Burwell-Rainey's objection does not include any details on what exactly she thought her lawyer should have submitted to the ALJ or what the C.D. contained. The administrative record only contains one reference in the record to a C.D. The record refers to an encrypted C.D. recording of the hearing that the SSA provided to Burwell-Rainey after the hearing upon her counsel's request. (R. at 7.) Additionally, during the hearing, although not a specific reference to a C.D., Burwell-Rainey's attorney did receive permission from the ALJ to submit additional evidence to Burwell-Rainey's electronic file after the hearing. (R. at 38–39.) Without more of an explanation from Burwell-Rainey, this Court construes her objection to mean that Burwell-Rainey wanted her attorney to submit additional evidence to the ALJ after the hearing.

6

noted in the R&R, the plaintiff's counsel did submit additional evidence to the ALJ after the hearing. (R. at 21.) The ALJ left the record open for one week after the hearing date for Burwell-Rainey and her counsel to submit any additional evidence they wanted him to consider. (R. at 21.) The ALJ made the additional evidence that Burwell-Rainey's counsel submitted Exhibits 12F and 13F. (R. at 21.) Thus, Burwell-Rainey's attorney's failure to submit evidence to the ALJ is not the cause of the denial of her SSI claim and thus does not result in any error on the part of the Magistrate Judge or the ALJ.

## CONCLUSION

Based on the foregoing analysis, this Court ADOPTS the R&R of the Magistrate Judge and OVERRULES Burwell-Rainey's objections. Accordingly, Burwell-Rainey's motion for summary judgment will be DENIED and the Commissioner's motion for summary judgment will be GRANTED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and via U.S. Mail to the *pro se* plaintiff.

An appropriate Order shall accompany.

Date: October 11, 2012
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge